UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL NORMAN DEMOURA,

Plaintiff,

vs.

CENTURION OF IDAHO LLC, et al.,

Defendants.

Case No. 1: 23-cv-00292-BLW

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

The Second Amended Complaint of Plaintiff Michael Demoura was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 13, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to file a third amended complaint providing allegations specific to each individual named, and to omit the defendants against whom there are insufficient allegations.

**REVIEW OF COMPLAINT**

1. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial

plausibility" standard is met when a complaint contains "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*., citing *Twombly*, 550 U.S. at 556. Rule 8 "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen

all pro se prisoner and pauper complaints before they are served on the defendants. 28

U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or

malicious, that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether

the case should be dismissed.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a

claim under § 1983, a plaintiff must allege a violation of rights protected by the

Constitution or created by federal statute proximately caused by conduct of a person

acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause

of action under the Amendments of the United States Constitution.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

The Eighth Amendment to the United States Constitution protects prisoners from infliction of cruel and unusual punishment. An Eighth Amendment claim has two components. The first is an objective showing: Plaintiff must allege facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing: that Defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." *Id.* at 837. To satisfy the subjective component, a prisoner must show that a prison official was aware of and recklessly disregarded an excessive risk to an inmate's health or safety, which means drawing the inference from the factual circumstances that a substantial risk of harm exists, and yet ignoring it. *Id.* at 838.

Importantly, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

### 2. Summary of Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner. He asserts that, between February 16, 2022 and the present date, the prison medical contractor, Centurion of Idaho, LLC, created and implemented a medical care delivery system that violates the Eighth Amendment. Medical providers allegedly have not been trained adequately, and, in turn, provide inadequate medical care to inmates. In particular, he alleges that all Defendants have injured him by their lack of attention to his specific medical needs and by significant delays in treatment. Dkt. 13, p. 2. He asserts that he suffers from fibromyalgia, a degenerative disc, spinal stenosis, Barrett's esophagus, a hiatal hernia, facet lumbosacral syndrome, G.E.R.D. (gastroesophageal reflux disease), and respiratory issue that may be related to a COVID booster shot—which require medical care, treatment, pain management, and regular maintenance. He asserts that Defendants "have policys, and customs created by there own personal making and the making of restrains in there contract with Centurion Health Rules + Regulation Indoctured into there condishions and actions of treatment which have been the moving force behinde all of the constitutional violations that the Defendants had a policy of refuseing to provide inmates with needed pain medications." *Id*., p. 11 (verbatim). He alleges that Warden Tyrell Davis knew that the medical unit had staffing shortages, causing lengthy delays in treatment but did nothing to alleviate that problem.

Plaintiff sues Centurion, its business and medical managers, Warden Davis, the Idaho Board of Correction, and various medical providers. He requests injunctive relief and monetary damages.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

### 3. Discussion of § 1983 Claims

#### A. Claims Against Centurion

To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

To proceed on a policy claim based on lack of training, a plaintiff must state facts in the complaint alleging the following: (1) the training program must be inadequate "in relation to the tasks the particular officers must perform"; (2) the officials must have been deliberately indifferent "to the rights of persons with whom the [officials] come into contact"; and (3) the inadequacy of the training "must be shown to have 'actually caused'

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

the constitutional deprivation at issue." *Merritt v. County of Los Angeles*, 875 F.2d 765,

770 (9th Cir. 1989) (internal citations and punctuation omitted).

All policy-based claims must meet the pleading standards clarified by *Twombly*

and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is

insufficient. *See Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Centurion.

He has merely restated the standard of law, adding a few vague references to policies. He

states that Centurion has a policy to withhold pain medication from inmates, without

sufficient supporting facts. If Plaintiff is complaining that he is not being prescribed

opioid medications, he should be aware that there is a general trend in modern medicine,

both inside and outside prison, to limit prescribing such medications for chronic pain

because their detriments outweigh their benefits.[1] Therefore, Plaintiff must provide

---

[1] For example, in *Elliott v. Tseng*, the court recognized:

> In 2009, the State of California Prison Health Care Services Division
> published its Pain Management Guidelines (Guidelines), in order to
> standardize the evaluation and treatment of pain within the California
> Prison Health Care Services system. At that time a severe risk of
> tolerance, dependence, and addiction to Tramadol was noted in the
> Guidelines. (DUF 14.) The Guidelines therefore recommended that
> tramadol be prescribed only for a short time, generally not longer than
> ten days, and only if severe pain with objective evidence of injury exists.
> (DUF 15.) The Guidelines also instructed medical providers to consider
> opioids only if patients are unresponsive to non-opioid analgesics and
> non-narcotic "adjuvant" medications, and only in the presence of
> "objective evidence of severe disease" as demonstrated by imaging tests,
> EMG, lab studies and/or direct examination. (DUF 19.) It is also
> recognized that the risk of addiction to opioids in patients with a history
> of substance abuse is higher than it is in patients without such a history,
> and a history of substance abuse is therefore a factor to be considered in
> the decision to prescribe opioids or opioid agonists. (DUF 20.) Finally, it
> has been found that chronic opiate use may cause adverse side effects,

sufficient supporting facts showing that medical providers have been deliberately indifferent to his pain, beyond simply denying him opioids.

Plaintiff also vaguely alleges that Centurion has failed to train its employees, but he provides nothing showing what Centurion's training policies are or how they are deficient. He states that certain policies are derived from Centurion's contract with the IDOC, but he does not provide the contract terms that support any such claims.

Plaintiff has not alleged facts raising a plausible inference that any detrimental delays in provision of treatment was not due to individual administrators' errors or that the treatment chosen by the individual medical providers was not due to the providers' own independent decisions regarding how to conservatively treat Plaintiff's condition, based on their educational training and work experience. An employee's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff may not amend his pleadings as to his policy claims at this time, but must wait until after the disclosure and discovery period, during which he can probe whether certain policies underlay the delays and medical decisionmaking in his personal medical care.  If he is authorized to proceed against individual defendants in a third amended complaint, he will be provided with an additional amendment period to be able to file a

---

including endocrine dysfunction, immunosuppression and infectious disease, opioid-induced hyperalgesia and xerostomia, overdose, falls and fractures, and psychosocial complications. (DUF 17.)

*Id*., 2014 WL 3966377, at *5 (Unpub. Case No. 2:11-CV-03118-KJM, E.D. Cal. Aug. 13, 2014).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

fourth amended complaint containing policy claims, if warranted from the additional facts gleaned from disclosure and discovery.

### B. Claims against Supervisory Defendants

Plaintiff has sued a variety of Centurion business and medical supervisors. He has not provided plausible allegations showing that these individuals knew of, or were involved in, the alleged violations at the time of their occurrence. The theory of liability against "respondeat superior defendants—that a person is liable merely for being the supervisor of a tortfeasor—does not apply to federal civil rights claims. Rather, a person may be held liable as a supervisor under § 1983 if (1) they had "personal involvement in the constitutional deprivation," or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" exists. *Starr v. Baca*, 652 F.3d  1202 (9th Cir. 2011) (punctuation altered and citation omitted). *See* also *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

Allegations sufficient to show a causal connection between a supervisor and a constitutional violation include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Starr,* 652 F.3d at 1207-08 (punctuation altered and citation omitted).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

These are claims Plaintiff may probe during disclosure and discovery and bring in a fourth amended complaint if facts exist to support this cause of action. On the current pleadings, Plaintiff will not be permitted to proceed against Matthew Groenig, Centurion vice president of operations; Dr. Kate Wilks, Centurion medical director; and Steven Wheeler, Centurion chief executive officer.

### C.  Claims against Unidentified Defendants

Plaintiff brings vague and therefore implausible claims against Jane or John Doe defendants, identified only as IDOC employees. In addition, the Clerk of Court cannot effect service on "John and Jane Doe" defendants. Therefore, Plaintiff may amend his pleadings to state their real names, provide adequate factual allegations regarding their personal participation in Plaintiff's injuries, and request service of process when he determines this information.

### D.  Claims against Warden

Plaintiff  alleges that Warden Davis knew of staffing shortages in the medical unit and failed to correct them. Plaintiff has not provided sufficient facts showing that there was a medical staffing shortage in the medical unit, that Warden Davis was aware of it, or that Warden Davis did not adequately act to take steps within his authority to correct it. This is another claim that Plaintiff may probe during disclosure and discovery and bring in a fourth amended complaint if facts exist to support this cause of action. Plaintiff will not be permitted to proceed against Davis on Plaintiff's current allegations.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

### E. Claims against Idaho Board of Correction

The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means the Idaho Board of Correction, which is a state entity, cannot be sued in federal court under § 1983 unless Plaintiff can show that the state of Idaho has waived its sovereign immunity. *See Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state or state entity is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not proceed under § 1983 against the Idaho Board of Correction.

### F. Claims against Individual Medical Providers

In his Second Amendment Complaint and several "Supplements," Plaintiff generally asserts that various medical providers have personally participated in his medical treatment for the serious medical conditions listed above, and have done so in a deliberately indifferent manner, throughout the time period from February 16, 2022 through the present date. However, Plaintiff's claims against each Defendant who provided or failed to provide medical care are not specific to each Defendant, but are presented in a global manner against Defendants as a group, which does not meet § 1983 standards of showing that each Defendant personally participated in Plaintiff's care. The Court will provide Plaintiff with a medical-care-specific complaint form that he may copy and use for each Defendant he desires to sue. He may not proceed on his current

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

pleadings and supplements for failure to state plausible claims against each individual medical provider.

### 4. ADA Claims

Plaintiff includes the Americans with Disabilities Act (ADA)[2] as a legal basis for his claims against Defendant Idaho Board of Correction, but he has failed to include sufficient facts to support an ADA claim. To state a claim of disability discrimination under Title II, a plaintiff must allege four elements: (1) he has a disability as defined by statute; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services or was otherwise discriminated against by the public entity; and (4) such exclusion, denial, or discrimination was because of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's ADA claim is unclear. It appears he is alleging that he has an unspecified medical and/or mental health condition that qualifies as a disability. However, a complaint that one is not receiving treatment *for* a disability is not classified as an ADA claim, but, rather, as an Eighth Amendment cruel and unusual punishment claim. An ADA claim, on the other hand, is a claim that a plaintiff is being deprived of a particular government benefit *because of* his disability, for example, if he was deemed ineligible for needed medical treatment simply because he had a disability.

---

[2] Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. § 12101, *et seq.* (Title I), § 12132, *et seq.* (Title II).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

For these reasons, Plaintiff has failed to state a claim under the ADA. As a result, he cannot proceed under this theory but may file an amendment if he has facts showing that prison officials are failing to provide him with medical care not *for* his disability, but *because* of his disability.

### 5. Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

If Plaintiff does not have sufficient facts to show personal participation or objectively unreasonable acts beyond negligence by any Defendant, he should not include that Defendant in the third amended complaint. Then, during the disclosure and discovery period of litigation, he may obtain more information about the Defendant's participation and may be able to add the Defendant back in via a fourth amended complaint.

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as a "Third Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.  If Plaintiff files a third amended complaint, he must also file a "Motion to Review the Amended Complaint."

If Plaintiff chooses to use the form provided by Court with this Order, he should use it as follows: he should select the first defendant, for example, Summer Eldridge. He should then select the first medical condition for which Defendant Eldridge provided constitutionally insufficient care, such as fibromyalgia. He should use pages 2-7 of the complaint form to state every supporting fact meeting the objective and subjective components of an Eighth Amendment claim, including when treatment was requested and received, what type of treatment was received, why it was insufficient, what resulted, and how and what Plaintiff reported to this particular provider about any resulting or continuing problems, and what the particular provider did in response. Plaintiff should then use a new set of pages 2-7 if Defendant Eldridge provided constitutionally insufficient care for another medical condition, such as a degenerative disc. This process should be repeated for each of the medical conditions Defendant Eldridge failed to treat property, and then Plaintiff should begin with the second Defendant and repeat the process medical condition by medical condition. If Plaintiff chooses not to use the Court's form, then he must still provide these same facts, Defendant by Defendant, and medical condition by medical condition, for each Defendant and each medical condition.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

If Plaintiff fails to file anything further in this matter, his Second Amended

Complaint will be dismissed without further notice.

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff requests issuance of a temporary restraining order to protect him against

any future retaliation for his exercise of First Amendment right to petition the Court for

redress of his grievances. Dkt. 7. There are no plausible retaliation claims asserted in his

pleadings.

When a plaintiff seeks injunctive relief based on claims not pled in the complaint,

the court does not have the authority to issue an injunction." *Pacific Radiation Oncology*

*v. Queen's Medical Center*, 810 F.3d 631, 633 (2015). Where a preliminary injunction

complains of a set of facts distinct from those in the Complaint, a preliminary injunction

is inappropriate. *LeBoeuf, Lamb, Greene & MacRae, LLP. v. Abraham*, 180 F.Supp.2d

65, 69-70 (D.D.C. 2001) (motion for preliminary injunctive relief is denied where the

complaint involves facts, legal issues, and parties different from those presented in the

motion).

In addition, the United States Supreme Court has cautioned the federal courts not

to interfere with the day-to-day operations of the prisons, especially those things related

to security, a task which is best left to prison officials who have particular experience in

dealing with prisons and prisoners.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

Therefore, a blanket order regarding future retaliation is not appropriate.

If Plaintiff finds that government officials are retaliating against him for his

exercise of First Amendment rights, he must file a separate lawsuit, with or without a

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 14**

temporary restraining order request, to address those claims. He has stated no such claims in his current pleadings, and therefore, a temporary restraining order related to a different subject matter is improper.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motions for Appointment of Counsel and for Amicas Curiae Counsel (Dkts. 4, 9) are DENIED without prejudice. He asserts that he has mental and physical disabilities, but has not shown how they affect his ability to litigate, compared to other prisoners. He may file a new motion and may include medical and mental health records (under seal) that show how his disabilities particularly affect his ability to prepare pleadings and papers in this matter. To date, Plaintiff has filed many more pleadings and papers than most prisoners, and therefore does not seem incapable of representing himself. Plaintiff has sufficiently protected his interests to date in this litigation.

2. Plaintiff must file a third amended complaint no later than **30 days** after entry of this Order. Failure to do so will result in dismissal of this action without prejudice without further notice. Plaintiff is not required to provide legal citations or argument in his third amended complaint, but must set forth facts within his personal knowledge to show that Defendants acted contrary to Eighth Amendment standards. The form provided to Plaintiff with this Order should aid him in clarifying the facts supporting his claims.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 15**

3.  Plaintiff's Motion for a Temporary Restraining Order (Dkt. 7) is DENIED.

4.  Plaintiff's Motion for Supplementation of Complaint (Dkt. 10) is GRANTED,

    only to the extent that he must file a third amended complaint containing all of his

    allegations.

5.  Plaintiff's Motions to Compel Order (Dkts. 20, 21) are DENIED as MOOT.


DATED: November 3, 2023

B. Lynn Winmill
U.S. District Court Judge